CLARK etc. v. REINWALD.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8627. Decided May 21, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

118. AUTOMOBILES—829. Negligence.
Driver of automobile not bound to blow horn or exercise extraordinary care when approaching street car standing in middle of block.

Error to Common Pleas.

Judgment affirmed.

Fackler & Woods, Cleveland, for Clark.
Niman & Buss, Cleveland, for Reinwald.

FULL TEXT.

VICKERY, J.

This cause comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County.

In the court below Charles Clark, a minor, brought his suit by his father, his next friend, to recover damages by reason of an injury occurring to him, as is claimed, through the negligence of the defendant. At the trial of the action, at the conclusion of the plaintiff's testimony, a verdict was directed by the Judge in favor of the defendant, a motion having been made for that purpose. A motion for a new trial was overruled, a bill of exceptions taken and error prosecuted to this court and the sole error that is urged in this court is that the court was wrong in directing a verdict for the defendant at the close of the plaintiff's testimony.

We have examined this record and heard the arguments of counsel and do not think that the court was wrong. In accordance with law he could have done nothing else, as there was not a scintilla of evidence to show that there was negligence upon the part of the defendant which tended to prove negligence which caused the injury. Of course the doctrine of contributory negligence was not in the case because the injured boy was only five years old, but the record is very plain that on Central Avenue, just east of 83rd Street, two street cars were standing, 83rd Street I believe being the termini of the cars of the railroad on that line. As already stated, the record shows that there were two street cars. The length of the cars does not appear, but they were probably of the length of the ordinary type of car. These cars on the west bound track faced west. The first car was about ten feet from the cross walk on 83rd Street and back of that was another street car with a space of about two feet between the two. The little boy that was injured, together with two companions, was playing on the north side of the street and the two older boys started across the street and got clear across to the sidewalk and they crossed the street behind the most eastward of the two standing street cars. As the defendant driving his automobile on the south side of the street going east at not an unreasonable speed, ten or twelve miles an hour, surely not exceeding fifteen miles an hour, got to the east end of the second car, the little boy came out behind this car on a run and ran up against the fender of his automobile and was injured.

Now it must be remembered that these two street cars standing as they were, shows that

the east end of the most easterly car stood somewhere in the middle of the block and that the driver of this automobile driving along in the ordinary way had no reason to expect that anybody would emerge behind that street car. Without any warning, without any reason on the part of the driver to suspect that something would happen, this little boy ran across the street and ran into the fender of his car.

It is complained that the defendant did not blow his horn. If this had been on a crosswalk, there might have been some claim for this contention, but being in the middle of the block there was no reason to anticipate that anybody would run from the rear of the car the way this boy did, as is shown by his testimony and the testimony of other witnesses. We cannot see that there was a particle or a scintilla of evidence which tended to prove that the driver of this automobile was guilty of negligence. That being so, there was nothing to submit to the jury and the court was right in directing a verdict. Finding no error in the record, the judgment is affirmed. (Sullivan, PJ, and Levine, J., concur.)