452

**ROTHE, Plaintiff-Appellee, v. DWORKIN ET, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3910. Decided October 21, 1946.

Fritzie C. Kessler, Columbus, Knepper, White & Dempsey, Columbus, for Plaintiff-Appellee.

Burr, Porter, Stanley & Treffinger, Columbus, for Defendants-Appellants.

## OPINION

By HORNBECK, P. J.

This appeal is directed to one question only, namely, the overruling of the motion of defendants for final judgment in their favor, notwithstanding the failure of the jury to return a verdict. The briefs discuss two other assignments of error, namely, the overruling of motion of defendants for a directed verdict at the close of plaintiff's case and that the Court erred

in overruling motion of defendants for a directed verdict in their favor at the close of all the evidence. All errors assigned go to the one determinative question whether the plaintiff made a case requiring its submission to the jury.

The action was for damages for personal injuries to a minor five years of age. The collision occurred in Columbus on the east half of South 18th Street between the intersections of Newton Street to the south and Stone Avenue to the north. On the west half of this street for the full distance between Livingston Avenue, a street one square to the south of Newton Street and extending to Stone Avenue, there is a public park in which children regularly play. The defendant, Samuel Dworkin, was driving a stake body Chevrolet truck southwardly in South 18th Street and moving about the center of the street, the left wheels of the truck extending over some distance into the east one-half portion of said street. He had traveled this route regularly for many years. His view down the east, his left half of the street, was unimpaired. When he reached a point in front of a dwelling occupied by a family by the name of Carr, opposite an ice truck parked on the west side of said street, the truck and plaintiff came into collision as he ran from the Carr property across the curb and into the street, a distance which by the evidence ranges from four feet from the curb to near the center of the street. The plaintiff was struck by that part of the body of the truck immediately back of the cab which extends the farthest therefrom. The speed of the truck at the time of the collision is fixed at varying rates from 10 to 25 miles per hour. One witness, Esther Rothe, sister of plaintiff, fixed the position of the truck to be in front of the Udiski property at the time when she first saw it and at about the time the plaintiff came from between two houses and started to run from the front steps of the Carr property and across the pavement, tree lawn, curb and into South 18th Street. This distance was approximately 70 feet from the point of collision. Later, on cross-examination, the witness fixes the distance at which she had the truck of defendant in sight before the collision at 40 feet. It appears that the plaintiff was running, probably at full speed. She also said that her brother ran straight out into the street. Another witness for plaintiff says that the plaintiff ran diagonally into the street. It is testified that the ice truck across from which the accident occurred was parked close to the westerly curb and that children were about it. Ahead of this truck and on the same side and across from what was known as the Johnson residence, the first property south of the Carr residence, a passenger automobile was parked at the curb. The truck and the automobile were ap-

proximately 35 feet apart. It is testified by the defendant that the accident occurred after he had passed the truck. Miss Rothe fixed the accident as having occurred immediately across from the ice truck.

The averments of negligence which the Court submitted to the jury were, violation of §6307-21 GC, driving at a speed greater than was reasonable and proper, failure to maintain a lookout and failure to give signal of approach.

It is the claim of the appellants that under **Hamden Lodge v Gas Co., 127 Oh St 469**, reasonable minds could come to but one conclusion, namely, that under the facts appearing the driver of the truck could not be chargeable with any negligence proximately causing plaintiff's injuries. This conclusion is reached upon the claim that it clearly appears that the plaintiff darted into the automobile driven by defendant Dworkin in a manner and at a time that, in the exercise of ordinary or statutory care, the defendant had neither time nor opportunity to avoid the accident. The claim of the plaintiff and the view of the trial judge was that there was a factual issue which should be presented to the jury under the specifications of negligence submitted to it.

We are, of course, controlled by the Hamden Lodge case, supra, and are required, as was the trial judge, to give the evidence the most favorable interpretation for the plaintiff which any of it will reasonably warrant. **Pope v Mudge, et al., 108 Oh St 192; Painesville Utopia Theatre Co. v Lautermilch, 118 Oh St 167.**

The trial judge properly instructed the jury that the plaintiff, a boy five years of age, was not chargeable with contributory negligence.

Counsel for the parties have been assiduous in presenting and discussing cases where pedestrians have suddenly moved in front of automobiles and the obligations attendant upon drivers in such situation. It will serve no good purpose to discuss these cases because the legal test to be applied is not difficult. Its application, however, is most troublesome.

This is a borderline case. The defendant operator was driving his truck from the left side thereof and thereby had better opportunity to observe objects that would come into his path from the left sooner than from the right. His vision was uninterrupted by any moving vehicles or other objects in front of him. If the part of the body of the truck which struck the boy was within four feet of the east curb as may be inferred from the testimony of plaintiff's sister, defendant's left side of his truck was 26 feet from the west curb and 11 feet over into the east half of the street. There is, however,

no claim of negligence in driving on the wrong side of the street nor could it be urged that the driver was not entitled to drive some distance to the left of his center of the street because of the presence of the ice truck. Nor may it reasonably be said that he was required to turn from the center of the street after he passed the ice truck because of the presence of the parked passenger automobile to his right a short distance ahead of him. If plaintiff was only four feet from the curb when struck, it is difficult to conclude that the defendant would have had time or opportunity to have seen plaintiff in time to have avoided the collision. On the other hand, if the accident happened from 8, 9 or almost 15 feet from the east curb, as inferable from the evidence, defendant's opportunity of seeing the plaintiff was enlarged and he had a longer period of time within which to anticipate the accident.

In view of traffic conditions with which defendant Dworkin was familiar, the varying speeds at which the jury may have fixed the movement of defendant's truck at the time of the collision and the different distances from the east curb at which the jury had a right to find the accident occurred, in connection with the speed of the truck and all other circumstances appearing, we cannot say that the trial judge erred in submitting this case to the jury.

We can well understand why a jury might disagree in this case and we could readily support a verdict and judgment on behalf of the defendant had it been returned.

The case of **Glasco v Mendelman, 143 Oh St 649,** discloses the extent to which our Supreme Court has gone in requiring the submission of factual questions to a jury. There the pedestrian was crossing a well lighted street at a place where there was neither an intersection or crosswalk. The oncoming automobile had headlights which were burning and was being driven at a low rate of speed. The Court held that even though the plaintiff may have been chargeable with negligence the question whether or not it proximately contributed to her injury was for the jury.

We have examined **Clark, etc. v Reinwald, 6 Abs 518,** cited by appellants and find that it has some facts quite similar to those developed in the instant cause. However, in the cited case the plaintiff came out from in front of the most easterly of two street cars parked on the westbound track and facing west. The defendant was moving eastwardly on the south side of the street and as he reached the place where the boy ran unexpectedly in front of the car, the collision occurred. The Court held that the driver had no reason to expect that anybody would emerge from behind the street car and sup-

ported a directed verdict for the defendant. It is manifest that the defendant had no opportunity whatever to see the plaintiff, determine his position in the street and, as the Court observed, no reason to anticipate that he would emerge from behind the street car.

The Court committed no prejudicial error in overruling defendants' motion for a verdict notwithstanding the failure of the jury to reach a verdict.

WISEMAN and MILLER, JJ, concur.